24-1131-pr
Cheng v. United States

# United States Court of Appeals
# For the Second Circuit

August Term, 2024

(Submitted: December 11, 2024    Decided: April 1, 2025)

Docket No. 24-1131-pr

_____

SHENG-WEN CHENG, INDIVIDUALLY AND ON BEHALF OF A CLASS OF
ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee*,

C.O. ANDRE HICKSON, WARDEN JEAN RENE, ANTOINETTE CORT,
DEPUTY COMMISSIONER, C.O. KEVIN WHITE, CITY OF NEW YORK, C.O.
ERICA GAINOUS, LOUIS MOLINA, COMMISSIONER OF DOC, C.O.
PRESTON RITTER, CAPTAIN WIGFALL, C.O. MURPHY WHITE, C.O. PAUL
WHITE, C.O. KARVEN ALCINDOR, C.O. CLARENCE CURLEY, C.O. ANDRE
ANDERSON, C.O. ALONSO MORGAN, C.O. ALONZO BUTLER, IDI GUITY,
ASST. DEPUTY WARDEN, C.O. ANTONIO GRAVES, JOANNA MATOS, DEP.
WARDEN, CAPTAIN FLUKA, C.I.B. UNIT, KAREN COLLINS, WARDEN,
WOLOSKI, BAWA, SRT CAPTAIN LOPEX, C.O. PHILLUPS, ESU CAPT.
RIVERA, C.O. ORELLA,

*Defendants*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set
forth above.

Before:

       LOHIER, SULLIVAN, and KAHN, *Circuit Judges*.

       Sheng-Wen Cheng challenges a provision of the First Step Act, 18 U.S.C. § 3632(d)(4)(E)(i), which distinguishes between noncitizen prisoners with a final order of removal and other prisoners in determining eligibility for good time credits. Cheng contends that the statute unlawfully discriminates against noncitizens and deprives him of a protected interest, in violation of the Equal Protection Clause, the Due Process Clause, and the Administrative Procedure Act. We disagree. Neither the distinction the statute draws between citizens and noncitizens nor the establishment of different classes of noncitizens triggers heightened scrutiny. Nor does the challenged provision create a protected statutory interest. We therefore **AFFIRM**.

> Sheng-Wen Cheng, *pro se*, Rochester, MN
>
> Tara Schwartz, Benjamin H. Torrance, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, *for Defendant-Appellee*

PER CURIAM:

       Sheng-Wen Cheng, proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) dismissing his claims against the Defendants based on alleged equal protection and due process violations under the Fifth Amendment and a violation of the Administrative Procedure Act (APA). Cheng challenges a provision of the First Step Act (FSA), 18 U.S.C. § 3632(d)(4)(E)(i), that distinguishes between noncitizen

2

prisoners with a final order of removal and other prisoners in determining eligibility for good time credits. Cheng contends that the provision unlawfully discriminates against noncitizens and deprives him of a protected interest. We disagree. Neither the distinction the provision draws between citizens and noncitizens nor the establishment of different classes of noncitizens triggers heightened scrutiny. Nor does the challenged provision create a protected statutory interest. We therefore AFFIRM.

## BACKGROUND

Cheng, a Taiwanese national, pleaded guilty to several charges arising from his participation in a fraudulent scheme involving millions of dollars obtained from COVID-19 pandemic relief programs. The District Court sentenced Cheng principally to 72 months' imprisonment and also ordered that he be removed to Taiwan upon completing his criminal sentence.

Cheng challenges a provision of the FSA, 18 U.S.C. § 3632(d)(4)(E)(i), which provides that a prisoner who is subject to a final order of removal is ineligible for application of time credits otherwise available to prisoners who participate in "evidence-based recidivism reduction programming or productive activities," *id.* § 3632(d)(4)(A). Cheng argues that the distinction section

3

3632(d)(4)(E)(i) draws between prisoners with a final order of removal and those without such an order violates his equal protection and due process rights, and that the Bureau of Prisons' enforcement of section 3632(d)(4)(E)(i) violates the APA.

## DISCUSSION

We review a district court's grant of a motion to dismiss *de novo*, "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). We also liberally construe submissions by *pro se* litigants as raising the strongest arguments they suggest. *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

Cheng argues that the District Court wrongly applied a rational basis standard of review in evaluating his equal protection challenge and that it should instead have applied heightened scrutiny because the FSA treats noncitizens with final removal orders differently from other prisoners. We disagree. Noncitizen status triggers heightened scrutiny "only when a *state or local government* has sought to employ the classification to disadvantage foreign nationals." *United States v. Lue*, 134 F.3d 79, 86 (2d Cir. 1998) (emphasis added).

4

"Generally, the federal government is not held to the same searching scrutiny when it draws lines on the basis of alienage." *Id.* Neither the FSA's distinction between citizens and noncitizens nor the distinction the statute draws *within* the class of noncitizens — denying benefits to those subject to a final order of removal but allowing benefits to those not subject to such an order — suffices to trigger heightened scrutiny. *See Mathews v. Diaz*, 426 U.S. 67, 80–84 (1976); *Yuen Jin v. Mukasey*, 538 F.3d 143, 158–59 (2d Cir. 2008). We therefore conclude that the District Court correctly applied rational basis review to Cheng's equal protection claim.

Cheng alternatively argues that section 3632(d)(4)(E)(i) does not survive even rational basis review. This argument likewise lacks merit. In the absence of heightened scrutiny, a statutory classification "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Jankowski-Burczyk v. I.N.S.*, 291 F.3d 172, 178 (2d Cir. 2002) (quotation marks omitted). As the District Court observed, eliminating time credits reasonably reduces the risk that noncitizens with removal orders will flee and ensures that noncitizens who enter or remain in the country illegally and commit felonies within the United States are required

to serve their full prison sentences. *See Demore v. Kim*, 538 U.S. 510, 513, 524 (2003); *Skelly v. I.N.S.*, 168 F.3d 88, 91–92 (2d Cir. 1999).[1]  Because the FSA's exclusion of noncitizens with a final order of removal survives rational basis review, Cheng's equal protection claim fails.

Cheng also challenges the District Court's dismissal of his due process claim.  To state a due process claim, a plaintiff must allege a protected liberty or property interest.  *See Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997) (substantive due process); *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 571–72 (1972) (procedural due process).  In this context, a protected interest is created where state or federal legislation "provide[s] a statutory right to good time [credit]."  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Such a protected interest must give rise to "a legitimate claim of entitlement to" release from prison. *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (quotation marks omitted).  A mere "hope or a unilateral expectation of release" does not create a protected interest. *Id.* (quotation marks omitted); *see also Bangs v. Smith*, 84 F.4th 87, 97 (2d Cir.

---

[1] Cheng also asserted an equal protection claim based on a "class of one" theory, which requires him to show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  But Cheng has abandoned this argument by failing to raise it in his opening brief on appeal.  *See Drabinsky v. Actors' Equity Assoc.*, 106 F.4th 206, 217 n.5 (2d Cir. 2024).

2023).  Cheng argues that section 3632(d)(4)(E)(i) creates such an interest because its language is mandatory.  But the FSA, taken as a whole, makes clear that noncitizens with final orders of removal are not eligible for time credits.  Because Cheng had no protected interest in the award of good time credits under the FSA, we reject his due process claim.

Finally, Cheng failed to state a valid APA claim because his complaint did not allege any unlawful agency action.  *See* 5 U.S.C. § 706(2)(A); *F.C.C. v. NextWave Pers. Commc'ns, Inc.*, 537 U.S. 293, 300 (2003).

## CONCLUSION

We have considered Cheng's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we AFFIRM the judgment of the District Court.